UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **TRACEY DAVID JOYNER** | **CIVIL ACTION NO. 24-1382-P** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **ANGELA WILLIS, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Tracey David Joyner ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on October 8, 2024. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. Plaintiff names Angela Willis, Bevaline Unknown (friend of Angela Willis), Unknown Attorneys (Representatives of Angela Willis), and the Margaret Willis Estate Trustee as defendants.

Plaintiff claims he was unaware of any inheritance left to him by his late mother Margaret Willis. He claims that while he was detained at the Rayburn Correctional Center, his sister Angela Willis telephoned the Department of Corrections and asked that he call home. He claims Angela Willis was calling about his life insurance asset.

Plaintiff claims that at the time of the call, he was detained on maximum security 23-hour lockdown. He was grieving the death of his mother and was confused, depressed, shocked, frustrated, overwhelmed, and lonely. He was taking several medications including mental health medications. He claims Angela Willis scammed, schemed, conned, and manipulated to criminally ruin his health, life, and future. He claims he was left homeless, broke, disgusted, frightened, embarrassed, hurt, depressed, exhausted, and untrusting because of the actions of Angela Willis. Plaintiff claims Angela Willis took advantage of his mental incompetence and unawareness of his legal circumstances regarding his inheritance. He claims Angela Willis decided that he should not be an heir or beneficiary.

Accordingly, Plaintiff seeks injunctive and declaratory relief and compensation.

## LAW AND ANALYSIS

Plaintiff names Angela Willis, Bevaline Unknown, Unknown Attorneys, and the Margaret Willis Estate Trustee. His claims are based on his life insurance and inheritance from the estate of his mother Margaret Willis.

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. See 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct of which he is complaining was committed by a person acting under color of state law. Plaintiff has not alleged any action that would give

rise to defendants Angela Willis, Bevaline Unknown, Unknown Attorneys, and the Margaret Willis Estate Trustee being state actors for purposes of Section 1983.

Accordingly, Plaintiff's civil rights complaint should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 27th day of January, 2025.

Mark L. Hornsby
U.S. Magistrate Judge